IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA      )
              )
      v                    )       Civil Action No.2:04cv1110-MEF
              )                 (WO)
ALFRED ALLEN LEE          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on federal inmate Alfred Allen Lee ("Lee")'s motion

to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255.

**I.  PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

*A.  Plea Agreement and Hearing*

On July 24, 2003, Lee appeared before a magistrate judge and pleaded guilty to

unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

As consideration for Lee's guilty plea and pursuant to a written plea agreement made under

Fed.R.Crim.P. 11(c)(1)(C), the government agreed that a specific sentence of 46 months'

imprisonment was the appropriate disposition of the case.  The government also reserved the

right to inform the court and probation office of all facts pertinent to the sentencing process,

including all relevant information concerning the offense and the defendant's background.

The written plea agreement contained a waiver provision, whereby Lee relinquished his right

to appeal or collaterally attack his sentence.

### B.  Sentencing Hearing

Prior to sentencing, the probation office prepared a presentence investigation report ("PSI") recommending that Lee be sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e) because he had three previous convictions in Alabama for violent felonies.[1] At the January 30, 2004, sentencing hearing, the district court indicated that because Lee was subject to a mandatory minimum sentence of 180 months as an armed career criminal, the court could not honor the 46-month sentence negotiated under the plea agreement; therefore, the district court rejected the plea agreement.[2] (*Sentencing Hearing* TR. at 3-7.)  The court explained to Lee that if he persisted in his plea of guilty, he would be sentenced according to the guidelines and would most likely receive a sentence greater than the one that had been contemplated under the plea agreement.  (*Id.* at 7-8.)  In addition, the court advised Lee that if he stood by his guilty plea, he would not be waiving his appeal rights as had been provided in the plea agreement.  (*Id.* at 9.)  The court then asked Lee whether, under these circumstances, he wished to withdraw his guilty plea or to go forward with sentencing. (*Id.*)

---

[1]18 U.S.C. § 924(e)(1) provides, in pertinent part:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years[.]

[2]The district court noted that it had actually rejected the plea agreement sometime before the sentencing hearing; however, the court's prior ruling rejecting the plea agreement is not contained in the record.  In any event, the transcript of the sentencing hearing clearly establishes that the plea agreement was ultimately rejected by the district court.

Lee stated that he wished to persist in his plea of guilty and to proceed to sentencing.  (*Id*.)

The court next heard argument by Lee's counsel on objections to the PSI.  Counsel was successful in convincing the court that a firearm recovered from Lee's residence at the time of his arrest was not possessed in connection with another felony and therefore should not be used as a basis for a four-level increase of Lee's offense level under U.S.S.G. § 2K.1(b)(5).  (*Sentencing Hearing* TR. at 36-37.)  However, the court overruled counsel's objection that Lee should not be sentenced as an armed career criminal.[3]  (*Id*. at 37-38.)  The court then sentenced Lee to a prison term of 180 months, to be followed by a five-year period of supervised release.  (*Id*. at 42.)  Judgment was entered on February 5, 2004.

### C.  Dismissal of Direct Appeal

Lee's counsel filed a notice of appeal on Lee's behalf on February 4, 2004.  On April 19, 2004, however, Lee's appeal was dismissed for want of prosecution because Lee failed to pay the $250 docketing and $5 filing fees to the district court clerk within the time fixed by the Eleventh Circuit's local rules.  Neither Lee nor his counsel moved to reinstate the appeal.

### D.  Section 2255 Contentions

On November 12, 2004, Lee filed the present motion under 28 U.S.C. § 2255 and argues the following:

---

[3]Lee's counsel argued that the PSI incorrectly found that a 1977 youthful offender conviction for robbery in Alabama should be counted as one of the prior offenses qualifying Lee as an armed career criminal.

1.   His counsel was ineffective for failing to prosecute a direct appeal as requested.

2.   The government breached the plea agreement when it failed to recommend at sentencing that he receive a sentence of 46 months, and his guilty plea was not knowing and voluntary.

3.   His counsel was ineffective for failing to object to the government's breach of the plea agreement.

4.   His counsel was ineffective for failing to object to or investigate the government's failure to release exculpatory discovery materials, including witness statements, which prevented him from making an informed decision about whether to go to trial or accept the plea offer.

5.   His sentence violates the holdings of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

(Doc. No. 1; *see also* Doc. No. 19.)  The government responds that Lee's § 2255 motion is barred from review pursuant to a waiver provision in the plea agreement and that his specific claims are either procedurally defaulted or meritless.  (Doc. No. 17.)  Lee was afforded an opportunity to respond to the government's submission and has done so.  (Doc. No. 19.) After careful consideration of Lee's § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the court has determined that Lee's motion should be granted in part and dismissed without prejudice in part..

## II.  DISCUSSION

### A.  *Effect of Waiver Provision in Plea Agreement*

The government argues that the instant § 2255 motion is barred from review pursuant

4

to a waiver provision contained in the written plea agreement, whereby Lee relinquished his right to appeal or collaterally attack his sentence.  (Doc. No. 17 at 5-6.)  While such waivers are generally enforceable according to their terms, *see United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (citing cases), the waiver in the instant case is unenforceable and of no legal consequence because *the district court rejected the plea agreement*.

The government contends that the district court rejected only Lee's waiver of appeal rights in the plea agreement but left intact the remainder of the plea agreement, including Lee's waiver of his right to collaterally attack his sentence.[4]  (Doc. No. 17 at 6.)  However, the district court unambiguously stated at the sentencing hearing that the plea agreement had "been rejected by this Court" and that, because Lee was subject to a sentence in excess of the 46 months negotiated under the plea agreement, the court "cannot honor the finding of guilty under [Fed.R.Crim.P.] 11-C-1-C that was originally negotiated in this case." (*Sentencing Hearing* TR. at 3-4.)   The district court then gave Lee an opportunity to withdraw his guilty plea, as provided under Fed.R.Crim.P. 11(c)(5), where the court rejects a plea agreement.  (*Id*. at 7-9.)  Moreover, because the plea agreement was made under Fed.R.Crim.P. 11(c)(1)(C), the district court could only accept or reject the agreement in its entirety and could not modify the terms of the agreement by accepting only a part of the agreement.  *United States v. Dean*, 80 F.3d 1535, 1539-41 (11th Cir. 1996); *see also United*

---

[4]The government acknowledges the district court's statements to Lee at the sentencing hearing that if he stood by his guilty plea, he would not be waiving his appeal rights, but argues that "[t]he Court's decision to reject Lee's waiver of appeal rights did not affect his waiver of the right to seek relief pursuant to § 2255."  (Doc. No. 17 at 6.)

*States v. Kummer*, 89 F.3d 1536, 1542-43 (11th Cir. 1996).  The district court's statements and actions at Lee's sentencing hearing reflect that the court did not accept the plea agreement in its entirety; therefore, the plea agreement – including the waiver provision – was extinguished in its entirety, and Lee relinquished neither his right to appeal nor his right to collaterally attack his sentence.  Thus, this court must reject the government's contention that the instant § 2255 motion is barred from review.

### B.  Counsel's Failure to Prosecute Direct Appeal

Lee contends that his counsel rendered ineffective assistance by failing to prosecute a direct appeal that was requested by Lee.  (Doc. No. 1 at 4; *see also* Doc. No. 19 at 4-8.)

The record reflects that on February 4, 2004, Lee's counsel, Maurice S. Bell, filed a notice of appeal on Lee's behalf.[5]  (Criminal Case No. 2:03cr67, Doc. No. 38.)  Also on February 4, 2004, Atty. Bell filed in this court a motion to proceed *in forma pauperis*, seeking permission for Lee to proceed with his appeal without prepayment of fees.  (Criminal Case No. 2:03cr67, Doc. No. 39.)  On February 13, 2004, this court entered an order denying the motion to proceed on appeal *in forma pauperis* on the ground that the appeal was "not taken in good faith."  (Criminal Case No. 2:03cr67, Doc. No. 41.)  After this court's denial of the motion to proceed *in forma pauperis*, Atty. Bell did not file a similar motion with the Eleventh Circuit Court of Appeals.  *See* Fed.R.App.P. 24(a)(5).  Nor, the record shows, were

---

[5]It is undisputed that Lee requested Atty. Bell to file an appeal.

6

any docketing or filing fees for Lee's appeal paid to the district court clerk.[6]  On April 19, 2004, the Eleventh Circuit dismissed Lee's appeal for want of prosecution, stating that the requisite docketing and filing fees had not been paid.  (Criminal Case No. 2:03cr67, Doc. No. 43.)  Neither Lee nor Atty. Bell moved for reinstatement of the appeal.

Lee maintains that Atty. Bell did not notify him of this court's denial of his motion to proceed on appeal *in forma pauperis*, that Atty. Bell failed to respond to his letters inquiring into the status of his appeal, and that he did not learn of the Eleventh Circuit's dismissal of his appeal until around April 21, 2004, when he received from the Court of Appeals a copy of its order of dismissal for want of prosecution.  (Doc. No. 19 at 6.)

---

[6]On February 20, 2004, the Clerk for the Eleventh Circuit sent Atty. Bell a notice providing, in pertinent part, as follows:

> We have received a copy of the order of the district court which does not allow this appeal to proceed in forma pauperis.  Rule 24(a) of the Federal Rules of Appellate Procedure provides in part:
>
>> A motion for leave ... to proceed [in forma pauperis] may be filed in the court of appeals ... after service of notice of the action of the district court.  The motion shall be accompanied by a copy of the affidavit filed in the district court, or by the affidavit prescribed by the first paragraph of this subdivision if no affidavit has been filed in the district court, and by a copy of the statement of reasons given by the district court for its action.
>
> You may within thirty (30) days from this date either pay the $250 docket fee plus $5 filing fee (total $255) to the clerk of the district court or you may move in this court for leave to proceed on appeal as a pauper (form enclosed).  If neither the fee nor the motion and affidavit is received within thirty (30) days, **this appeal will be dismissed by the clerk without further notice** pursuant to 11th Cir. R. 42-1(b).

(Doc. No. 19, Attachment A.)

According to Lee, Atty. Bell simply abandoned his appeal after becoming "discouraged" by this court's denial of his motion to proceed *in forma pauperis*.  (*Id*.)  Lee argues that Atty. Bell's actions resulted in the dismissal of his appeal for want of prosecution and deprived him of the effective assistance of counsel at a critical stage of his criminal proceeding.  (*Id*. at 6-7.)  Accordingly, he maintains that he is entitled to an opportunity to file an out-of-time appeal.  (*Id*. at 7-8.)

As part of its response to Lee's claims, the government has submitted the affidavit of Lee's counsel, Atty. Bell, in which Atty. Bell avers in pertinent part:

> In regard to the appeal, I discussed this matter in detail with the Defendant and his family.  Mr. Lee was indigent and his family were unable to fund the appellate costs.[7]  I recollect that at the final sentence hearing, I requested to withdraw from the case due to health problems.[8]  I had prior heart by-pass surgery and my physicians advised me to avoid stress.
>
> Nevertheless, I petitioned the Court, on behalf of the Defendant, to allow the Defendant to proceed on appeal in forma pauperis.  The Court denied said request and in its Order of February 13th 2004, stated that "Petitioner's appeal is without legal or factual basis and, accordingly, is frivolous and not taken in good faith."

(Doc. No. 16 at 3.)  In his affidavit, Atty. Bell offers no explanation for why he did not move in Eleventh Circuit for leave to proceed *in forma pauperis* after this court's denial of the motion he filed on Lee's behalf to proceed *in forma pauperis*.  Nor does Atty. Bell address

---

[7]Atty. Bell states elsewhere in his affidavit that he was originally retained by Lee's family to defend him against the charges against him.

[8]This court's record reflect that at a hearing held on January 15, 2004, Atty. Bell moved in open court to be allowed to withdraw as Lee's counsel.  This court denied Atty. Bell's motion by oral order entered at the same hearing.  *See* Docket Sheet for Criminal Case No. 2:03cr67.  Lee was not sentenced until approximately two weeks later, on January 30, 2004.

or contest Lee's assertions that Atty. Bell failed to notify him of this court's denial of the IFP motion and failed also to respond to Lee's inquires into the status of his appeal.

There is no suggestion in the record, nor any contention by either Atty. Bell or the government, that Lee ever indicated to Atty. Bell that he wished no longer to pursue the appeal that he requested Atty. Bell to file on his behalf. Nor is there any evidence that Atty. Bell asked to be relieved from further representation of Lee at any point after he initiated the appeal on Lee's behalf, or that he expressly notified Lee that he was withdrawing from prosecution of his appeal. Thus, Lee's allegations with regard to Atty. Bell's abandonment of his appeal following this court's denial of his motion to proceed *in forma pauperis* are essentially undisputed.[9]

It is well established that every person has an absolute right to an appeal from a trial court conviction and that a criminal defendant's right to counsel extends through the period for taking an appeal. *Atilus v. United States,* 406 F.2d 694, 697 (5th Cir. 1969); *Bray v. United States,* 370 F.2d 44, 46 (5th Cir. 1966). Generally, courts have held the inexcusable failure of counsel to perfect an appeal requested by his client constitutes ineffective assistance. *Evitts v. Lucey,* 469 U.S. 387 (1985); *Chapman v. United States,* 469 F.2d 634, 636-37 (5th Cir. 1972). An attorney's failure to pursue an appeal that has been requested by the defendant normally should result in the court granting an out-of-time appeal, even absent

---

[9]The government does not point to any evidence suggesting that Lee's account of the facts surrounding the dismissal of his appeal is inaccurate. Atty. Bell's affidavit, if anything, supports Lee's account.

the defendant showing that he or she would have had any viable grounds for appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *see also Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996); *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003).

The undisputed facts in this case establish that, after this court denied the motion to proceed on appeal *in forma pauperis*, Atty. Bell, without Lee's consent, effectively abandoned Lee's appeal and did not communicate with Lee again so that Lee might seek some way to protect his interests. It is clear that Atty. Bell's actions – or inaction – in this regard resulted in the dismissal of Lee's appeal for want of prosecution. This court has not been presented with any grounds excusing Atty. Bell's failure to prosecute Lee's appeal;[10] consequently, the court finds that counsel rendered ineffective assistance in this regard.

Counsel, whether appointed or retained, cannot be permitted to represent his client until the appeal stage arrives and then "simply to bow out without notice either to the court or client and frustrate forever the right of the client to protect his vital interests." *Atilus, supra*, 406 F.2d at 696. In light of the essentially undisputed allegation that Atty. Bell failed to prosecute the direct appeal that was requested by Lee, the court concludes that § 2255 relief on this allegation of ineffective assistance of counsel is due to be granted and that Lee should be granted the opportunity to file an out-of-time appeal. *Roe v. Flores-Ortega*, 528 U.S. at 477.

---

[10]This court rejects the government's suggestion that this court's denial of Lee's motion to proceed on appeal *in forma pauperis* on the ground that the appeal was not taken in good faith "had the effect of freeing counsel from any additional obligations as to [Lee's] appeal." (Doc. No. 17 at 14.)

### *C. Dismissal of Remaining Claims Without Prejudice*

Because this court has determined that Lee is entitled to relief on his claim that his counsel rendered ineffective assistance by failing to prosecute a direct appeal and that Lee should be granted the opportunity to file an out-of-time appeal, the court concludes that Lee's remaining claims for relief in his § 2255 motion should dismissed without prejudice. *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (where the district court grants a § 2255 movant's claim seeking an out-of-time appeal, the district court should dismiss without prejudice any remaining claims in the § 2255 motion or hold such claims in abeyance pending the outcome of the reinstated direct appeal).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Lee be GRANTED in part and DENIED WITHOUT PREJUDICE in part.  Specifically, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Lee be granted the opportunity to file an out-of-time appeal based on his claim that his counsel rendered ineffective assistance by failing to prosecute his direct appeal.

2.  Lee's remaining claims for relief be dismissed without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before January 4, 2007.**  A party must specifically identify the findings in the

Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 22nd day of December, 2006.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE