IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | Civil Action No.2:04cv1110-MEF |
| | ) | [WO] |
| ALFRED ALLEN LEE | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Before the court (Doc. No. 32) is federal inmate ALFRED ALLEN LEE ["Lee"]'s motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). By his motion, Lee seeks relief from the operation of that part of this court's order of January 10, 2007 (Doc. No. 31), granting in part Lee's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1]

In the § 2255 order, this court granted Lee's motion to vacate in part, specifically granting him "the opportunity to file an out-of-time appeal based on his claim that his counsel rendered ineffective assistance by failing to prosecute his direct appeal." (Doc. No. 31.) Because this court concluded that an out-of-time appeal was warranted, it dismissed the remaining claims in Lee's § 2255 motion without prejudice. (*Id.*)  In granting Lee partial relief on the § 2255 motion, however, this court did not order the vacatur of the criminal judgment from which the opportunity to file an out-of-time appeal was warranted.

In light of this court's determination that he was entitled to an opportunity to file an

---

[1] *See* "Order" (Doc. No. 31) (adopting "Recommendation of the Magistrate Judge" (Doc. No. 27)).

out-of-time appeal, Lee filed a notice of appeal in the criminal case. (*See* Doc. No. 53 in Criminal Case No. 2:03cr67-MEF.) His appeal, however, was dismissed by the Eleventh Circuit on February 27, 2007, for lack of jurisdiction because it was not filed within ten days of the entry of the February 6, 2004, judgment in the criminal case and this court, in its § 2255 order, had not followed the procedure set forth in *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000). (*See* Doc. 58 in Criminal Case No. 2:03cr67-MEF).

In his Rule 60(b)(6) motion, Lee contends that this court's § 2255 order put forward the wrong remedy for his attorney's failure to prosecute his direct appeal and that, consequently, this court should vacate the § 2255 order and issue a new order granting him relief pursuant to the procedure set out in *Phillips*.

## II. DISCUSSION

In *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000), the Eleventh Circuit stated that the proper procedure when an out-of-time appeal is warranted is (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Federal Rule of Appellate Procedure 4(b)(1)(A)(I). 225 F.3d at 1200-01; *see also United States v. Parrish*, 427 F.3d 1345, 1347 (11th Cir. 2005). This court did not follow this procedure when

granting Lee's § 2255 motion in part. Accordingly, this court agrees with Lee's contention that its § 2255 order put forward the wrong remedy for his attorney's failure to prosecute his direct appeal. As such, Lee is entitled to Rule 60(b)(6) relief.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Lee's motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6) be GRANTED to the extent that this court's order of January 10, 2007 (Doc. No. 31) be AMENDED to include the following remedy in compliance with *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000):

1. The judgment in Criminal Case No. 2:03cr67-MEF be vacated;

2. The same sentence then be reimposed and the identical judgment in the criminal case be re-entered;

3. Lee be advised that he must file any notice of appeal from the re-entered judgment within the ten-day period provided by Federal Rule of Appellate Procedure 4(b)(1)(A)(I); and

4. Lee be advised that he has the right to appeal from the re-entered judgment in the criminal case and that, if he cannot afford a lawyer, one will be appointed for him.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or**

**before June 20, 2007.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 8th day of June, 2007.

                        /s/Terry F. Moorer
                        TERRY F. MOORER
                        UNITED STATES MAGISTRATE JUDGE